# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| BRAYON JEROME WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:22-cv-00049-SEP |
| ) | |
| RILEY MERDINIAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented Plaintiff Brayon Jerome Williams to proceed in the district court without prepaying fees and costs. Doc. [2]. Having reviewed the application and the financial information submitted in support, the Court will assess an initial partial filing fee of $24.23. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons set forth below, the Court will require Plaintiff to file an amended complaint.

### INITIAL FILING FEE UNDER PRISON LITIGATION REFORM ACT

Under 28 U.S.C. § 1915(b)(1), an incarcerated person bringing a civil action without prepaying the full filing fee must pay an initial partial filing fee. The Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying the initial partial filing fee, the prisoner must make monthly payments of 20% of the income credited to the prisoner's account the preceding month. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the prisoner's account balance exceeds $10.00, until the filing fee is paid in full. *Id.*

Plaintiff has submitted a resident account statement from the Adair County Jail for the six-month time period of January 22, 2022, to July 22, 2022, as required by 28 U.S.C. § 1915(a)(2). Based on his account statement, Plaintiff had an average monthly deposit of $121.17. His initial partial filing fee will be 20% of that amount, or $24.23.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be

granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**BACKGROUND**

Plaintiff is incarcerated at the Northeast Correctional Center in Bowling Green, Missouri.  This 42 U.S.C. § 1983 action is one of four actions Plaintiff has filed in this Court over the course of two years, alleging violations of his civil rights related to his arrests and criminal prosecutions in the Adair County Circuit Court.[1]

---

[1] A summary of Plaintiff's four cases brought in this Court is provided in *Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF, Doc. [3] at 3-5.

According to Missouri.Case.net, Plaintiff has had at least six criminal cases filed against him in Adair County Circuit Court within the past two years.[2] On February 21, 2020, an information was filed charging Plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00156 (2nd Jud. Cir., Adair Cty. Ct.). Plaintiff pled guilty on August 26, 2020, and he was sentenced to five days in jail with credit for time served. *Id.*

A criminal complaint was filed against Plaintiff in Adair County Circuit Court on April 24, 2020, charging him with felony stealing. *See State v. Williams*, No. 20AR-CR00361-01 (2nd Jud. Cir., Adair Cty. Ct.). Plaintiff represented himself in that criminal action, and the matter was set for trial on September 8, 202, but it appears to have been dismissed by the Prosecutor of Adair County, as it is no longer pending on Missouri.Case.net.

A second criminal complaint was filed against Plaintiff in Adair County Circuit Court on April 24, 2020, charging Plaintiff with possession of a controlled substance, unlawful possession/transportation/manufacture/sale of an illegal weapon, and unlawful possession of drug paraphernalia. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair Cty. Ct.). An information was filed on January 12, 2021, and Plaintiff's motion to suppress the inventory search done of his person when he was taken into custody was denied on February 25, 2022. Plaintiff represented himself at trial on August 1, 2022, in front of the Honorable Thomas P. Redington, and he was found guilty of possession of a controlled substance on that date. Plaintiff was sentenced to seven years' imprisonment in the Missouri Department of Corrections on September 19, 2022. *Id.*

On September 24, 2021, a criminal complaint was filed against Plaintiff in Adair County Circuit Court charging Plaintiff with burglary in the first degree, assault in the third degree, kidnapping in the third degree and two counts of felony resisting arrest. *See State v. Williams*, No. 21AR-CR00767-01 (2nd Jud. Cir., Adair Cty. Ct.). The matter appears to have been dismissed, as it is no longer pending on Missouri.Case.net.

On October 28, 2020, an information was filed charging Plaintiff with trespass. *See State v. Williams*, No. 20AR-CR00894-01 (2nd Jud. Cir., Adair Cty. Ct.). After a trial in front of the

---

[2] This summary of Plaintiff's six criminal cases is taken from *Williams v. Merdinian, et al.*, No. 2:22-cv-0061-AGF, Doc.[3] at 5-7.

Honorable Kristie Swaim on February 4, 2021, Plaintiff was found guilty on February 11, 2021. Plaintiff was sentenced to two days in jail in the Adair County Detention Center. *Id.*

Finally, on October 27, 2021, a criminal complaint was filed charging Plaintiff with rape in the second degree. *See State v. Williams*, No. 20AR-CR00893 (2nd Jud. Cir., Adair Cty. Ct.). Plaintiff was arrested on the charge on December 7, 2020. That matter appears to have been dismissed, as it is no longer pending on Missouri.Case.net.

## THE COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights arising out of two arrests that occurred more than 18 months apart. *See* Doc. [1]. Named Defendants are officers from the Kirksville Police Department: Riley Merdinian, Ashley Davis, Ron Collinge, and Johnathan Novinger. *Id.* at 1. Plaintiff sues all Defendants in both their official and individual capacities.[3] *Id.*

Plaintiff alleges that on February 29, 2020, Defendants Merdinian and Davis responded to a call at the Hyvee gas station in Kirksville. *Id.* at 5. The caller reported a man sleeping in the restroom. *Id.* The officers entered the Hyvee in search of a sleeping man. *Id.* Plaintiff alleges that he was awake and responsive, and that Merdinian and Davis illegally searched and arrested him without probable cause in violation of his Fourth Amendment rights. *Id.*

As to Defendants Novinger and Collinge, Plaintiff alleges that on September 23, 2021, they searched and seized him by force after suspecting him of an unnamed offense. *Id.* Plaintiff alleges the officers did not have probable cause for the arrest. *Id.*

For relief, Plaintiff seeks to have disciplinary action taken against Defendants. He also seeks dismissal of all charges pending against him and at least $1,000,000 in monetary damages. *Id.* at 7.

## DISCUSSION

Plaintiff's claims are difficult to analyze because the allegations relate to two separate arrests in Kirksville, Missouri, separated by 18 months, and during that timeframe, Plaintiff was

---

[3] Plaintiff's complaint originally named nine additional defendants: Judge Thomas Redington, Leslie Silvernail, Kristie Swaim, Russell Steele, David Goring, PSA agency, the Missouri State Public Defender System, Maggie Johnston, and Joel Elmer. On August 24, 2022, Plaintiff voluntarily dismissed those defendants. *See* Doc. [4].

-4-

arrested multiple times for various offenses.  Three of the arrests resulted in criminal prosecutions against Plaintiff that concluded with convictions:  *State v. Williams,* 20AR-CR00362-01; *State v. Williams,* 20AR-CR00156; and *State v. Williams*, 20AR-CR00894-01.  If Plaintiff's allegedly unlawful searches and seizures relate to one of those three prosecutions, his claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  But if Plaintiff's allegations of illegal search and seizure relate to a case that was charged and later dismissed by the Adair County Prosecutor, a § 1983 action arising out of such allegations might not be barred.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983.  *Heck*, 512 U.S. at478.  The Court determined that the plaintiff's § 1983 action for damages was not cognizable, holding that a § 1983 action was not the appropriate vehicle for challenging criminal judgments.  *Id*. at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 487-88.  Under *Heck*, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488.  If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*.

Based on the felony criminal information filed on January 12, 2021, in *State v. Williams*, 20AR-CR00362-01, it appears Plaintiff pled guilty to possession of a controlled substance arising out of a February 29, 2020, search and seizure.  That is the same search and seizure on which Plaintiff bases his § 1983 claims against Defendants Merdinian and Davis.  *See* Doc. [1] at 5.  Under *Heck*, Plaintiff's claims against these Defendants arising out of that seizure must be dismissed unless he can show that his resulting conviction or sentence has been invalidated. Plaintiff has presented no evidence that his conviction for possession of a controlled substance

has been invalidated. As a result, his claims against Defendants Merdinian and Davis arising out of Plaintiff's February 29, 2020, arrest will be dismissed.

The remaining allegations in Plaintiff's complaint are against Defendants Novinger and Collinge, and arise out of events occurring on September 23, 2021. Plaintiff states that Defendants Novinger and Collinge performed an unlawful search and seizure of him when they arrested him in Kirksville, Missouri, on that date. Plaintiff further states that Collinge perjured himself in a statement that led to Plaintiff's prosecution. Plaintiff provides no factual information from which the Court could find a plausible claim under § 1983. Aside from the date of the alleged unlawful search and seizure and the names of the officers involved, Plaintiff offers only unsupported legal conclusions, such as "[Defendants] seized by force Brayon Williams after suspecting Brayon Williams for an offense without reasonable grounds of having committed a felony, or having consent, violating the Fourth Amendment . . .." Doc. [1] at 5.

The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). To state a plausible cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Plaintiff's claims against Novinger and Collinge do not include enough facts to support a plausible claim of false arrest, false imprisonment, or unlawful search and seizure, and are subject to dismissal on that basis.

Because Plaintiff is representing himself, he will be allowed to amend his complaint according to the instructions set forth below. If Plaintiff seeks to bring a § 1983 action against Defendants Novinger and Collinge based on the allegedly unlawful search and seizure of September 23, 2021, he must file an amended complaint. In the "Statement of Claim" of his amended complaint, Plaintiff shall set forth as specifically as possible:  (1) the facts surrounding his arrest, including exactly what each Defendant personally did, or failed to do, that resulted in harm; (2) whether a state criminal prosecution was brought against him arising out of the arrest; and (3) the disposition of any such criminal action. Plaintiff should list only those claims that relate to the single state prosecution for which he wishes to bring claims of false arrest, false imprisonment, unlawful search or seizure or other claims brought pursuant to 42 U.S.C. § 1983.

If he wishes to bring claims relating to the other Adair County prosecutions, he must file a separate complaint.

Plaintiff is advised that any amended complaint will completely replace the original. *See In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which the Clerk will mail to him. *See* E.D. Mo. L.R. 2.06(A).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. Doc. [2].

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $24.23 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Riley Merdinian and Ashley Davis are **DISMISSED without prejudice**. An Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff the Court's form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint in accordance with the instructions set out above.

**IT IS FINALLY ORDERED** that if Plaintiff does not file an amended complaint in accordance with the instructions set out above, his case will be dismissed without prejudice and without further notice to Plaintiff.

Dated this 27th day of February, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE